**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**Case No.  8:05-mc-59-T-27TBM**

**GREGORY T. MAYER,**

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on a **Petition to Enforce Internal Revenue Service Summons** (hereinafter "Petition"), filed on June 14, 2005.  (Doc. 1).  On June 21, 2005, after review of the Petition, the court issued an Order to Show Cause directing Gregory T. Mayer (hereinafter "the Respondent") to appear before the court on August 25, 2005, at 10:00 a.m.  (Doc. 3).  A return of service reflects that the Order to Show Cause, a copy of the Petition, and the Declaration of Revenue Agent Don Townshend, see (Doc. 2), were personally served upon the Respondent on July 8, 2005.  (Doc. 4).  In addition to directing the Respondent to appear for hearing, the Order to Show Cause ordered that the Respondent file a written response to the Petition.  The Respondent, who is proceeding *pro se*, responded to the Petition on July 19, 2005.  (Doc. 5).  The show cause hearing was held before the court on August 25, 2005, commencing at 10:23 a.m.  The Respondent failed to appear.

I.

At the hearing, the court took additional testimony from Revenue Agent Don Townshend[1] (hereinafter "Mr. Townshend") and received into evidence documents obtained as part of an Internal Revenue Service (hereinafter "IRS") investigation into the activities of the Respondent. See (Gov't. Exhs. 1-4). Petitioner maintains that it has satisfied all of the requirements necessary for judicial enforcement of its summons. Thus, Mr. Townshend testifies the purpose of the current investigation is to determine the correct joint federal income tax liabilities of the Respondent and Silvana Mayer for the year 1999 and the separate federal income tax liabilities of Respondent for the years 2000 and 2001.[2] On May 6, 2004, Mr. Townshend issued two IRS summons to Respondent requiring him to appear at the office of the IRS at St. Petersburg, Florida, on June 2, 2004, to give testimony and produce documentary evidence as requested by the summons. Mr. Townshend personally served Respondent with the summons at Clearwater, Florida. The Respondent failed to appear on the appointed day and time and no documents were then submitted.

In his unverified response, the Respondent denies that this investigation is for a legitimate purpose; rather, he maintains that true purpose of this enforcement action is to harass and retaliate against him. See (Doc. 5). The Respondent contends that he did not ignore the summons and that Mr. Townshend was notified that he could not meet with him because of pending litigation. In any event, Respondent maintains that the IRS has all of the

---

[1] Don Townshend is a pseudonym approved by the Internal Revenue Service.

[2] Based upon his investigation to date, Mr. Townshend believes the Respondent unlawfully evaded federal income taxes through a scheme employing offshore bank accounts and credit cards. The Government's exhibits are offered in support of this belief.

2

records necessary to determine his tax liability and the additional records it seeks are not in his possession or control.  Id.

At the hearing, Mr. Townshend acknowledged that certain documents within the scope of the summons are within the custody of the IRS by reason of its ongoing investigation and production from third parties.  It has also obtained some matters from discovery in a former proceeding before this court.[3]  Thus, Mr. Townshend acknowledges that he has received bank records from Respondent's domestic bank accounts at Bank of America and Huntington Bank.  However, counsel argues that evidence from the investigation also reveals that Respondent conducts banking and credit card activity on his own behalf and on the behalf of clients with banks outside of the United States through accounts such as the E.S. Ltd. accounts at the Leadenhall Bank and Trust and Barclays Bank PLC in the Bahamas, and that such activity is conducted, at least in part, to facilitate a scheme to evade federal income taxes.  Respondent has not produced banking or credit card records from these banks, and, according to Mr. Townshend, these types of records are not otherwise available to the Petitioner.  In his response, Respondent maintains that the IRS already has his Bank of America records and that he has no records for E.S. Ltd.

---

[3]In March 2003, the United States filed a complaint seeking permanent injunctive relief against the Respondent and two businesses under his control for promoting and selling unlawful tax avoidance schemes in violation of federal laws.  See United States v. Gregory T. Mayer, d/b/a Legal Tax Newsletter, L.C., and d/b/a Morton and Oxley. Ltd., Case No. 8:03-cv-415-T-26TGW.  After a non-jury trial in March 2005, the court enjoined the defendants from engaging in certain conduct specifically set forth in the order.  See (Doc. 164).  By the order, the United States was permitted to conduct post-judgment discovery to monitor defendants' compliance.  Other pleadings suggest that the post-judgment discovery included inquiry into the defendants' bank records.

Mr. Townshend testifies under oath that he has complied with all administrative procedures required by the Internal Revenue Code for the issuance of the summonses and that there is no Department of Justice referral, as defined by 26 U.S.C. § 7602(d)(2), for the years under investigation.

II.

Pertinent provisions of the Internal Revenue Code specifically authorize the Secretary of the Treasury or his delegate to summons individuals liable for taxes and to require such testimony and the production for examination of such books, papers, records, and other data which may be relevant or material to the accurate determination of tax liability. See 26 U.S.C. § 7602.  A summons issued pursuant to § 7602 may be served by providing an attested copy, either in hand to the person to whom it is directed or by leaving such summons at the last and usual place of abode.  Id. at § 7603.  Jurisdiction and venue for enforcement actions are appropriately in the United States district court, for the district within which the respondent resides, and the Secretary may seek an attachment against the respondent for his contempt in failing to comply with the summons.  Id. at § 7604.

In order to obtain judicial enforcement of a summons, the IRS must establish the following:

1) the investigation is being conducted for a legitimate purpose;

2) the inquiry may be relevant for that purpose;

3) the information sought is not already in the possession of the IRS; and

4) the administrative steps required in the Internal Revenue Service Code have been followed.

United States v. Medlin, 986 F.2d 463, 466 (11th Cir. 1993) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)).  These requirements impose a minimal burden upon the IRS which may be satisfied by the sworn affidavit of the agent who issued the summons.  Id. (citing La Mura v. United States, 765 F.2d 974, 979 (11th Cir. 1985).  Once the necessary showing has been made, the burden shifts to the party contesting the summons to disprove one of the four elements or to convince the court that enforcement otherwise constitutes an abuse of court process.  Id.

### III.

Under the applicable statutory provisions, the issuance and service of the Summons upon the Respondent in this case was appropriate and in full compliance with the law. Further, upon the declaration of Mr. Townshend and the evidence presented at the hearing, the Petitioner has met its "minimal" burden and established the four elements necessary to obtain judicial enforcement of the IRS summons.  Thus, the evidence demonstrates that the investigation is for a legitimate purpose and there are adequate grounds on which to conclude that Respondent is in possession, custody, or control of certain bank and credit card records and other financial records within the scope of the summons that may be relevant to the stated purpose.  In addition, it appears that the records sought are not otherwise available to the Petitioner, Mr. Townshend has met all the administrative prerequisites for the issuance of the summons, and there is no justice department referral in effect for the tax years 1999-2001. Finally, the Respondent, who wilfully failed to appear as directed by the Order to Show Cause, has failed to disprove any of the four elements or otherwise demonstrate that enforcement of the summons would constitute an abuse of the court's process.

IV.

Accordingly, it is hereby RECOMMENDED that the **Petition to Enforce Internal Revenue Service Summons** (Doc. 1) be GRANTED and that the court enter such further orders as are necessary to enforce compliance with the Petition, including an Order directing the attachment or arrest of the Respondent until such time as he has complied with the requirements of the summons. It is FURTHER RECOMMENDED that the United States recover its costs in maintaining this action.

                                                    Respectfully submitted this
                                                    26th day of August, 2005.

                                                  THOMAS B. McCOUN III
                                                  UNITED STATES MAGISTRATE JUDGE

### **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a <u>de novo</u> determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72; <u>see also</u>, Fed. R. Civ. P. 6 and Local Rule 4.20 (M.D. Fla.).

Copies furnished to:
The Honorable James D. Whittemore, U.S. District Judge
Counsel of Record
Gregory T. Mayer